IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE

**Jane Doe**,

      Plaintiff,

v.                              Case No.

**St. Paul's School**

      Defendant.

## Memorandum in Support of Plaintiffs' Motion
## for Leave to Proceed Under Pseudonyms

This action stems from the sexual assault and harassment of a then 13-year-old girl at the elite St. Paul's School ("St. Paul's" or "SPS"). Plaintiff Jane Doe ("Plaintiff," "Ms. Doe," or "J.D.") is suing Defendant because of its lack of action to discourage and prevent multiple sexual assaults, statutory rape, and relentless sexual harassment rooted in the school's "scoring" tradition and culture. By this motion, Plaintiff relies upon well-settled law and policy that permits her to proceed under a pseudonym.

### FACTS[1]

Plaintiff enrolled in SPS in fall 2012, after having been heavily recruited by the school. Ms. Doe was gifted in academics, athletics, and the arts and was therefore presented with a nearly full scholarship to the elite boarding school. Ms. Doe was known as a "superstar" in her small, private middle school and had no issues balancing rigorous academics with her other interests and activities.

---

[1] These facts are derived from the allegations in the Complaint that is being filed contemporaneously herewith.

Ms. Doe was shocked to find SPS to be far from the protective, caring "community" the school's recruiters promised her and her parents. Instead, she arrived on campus to a culture in which, as a female student, she was immediately ranked according to looks and targeted for the widespread "scoring" tradition prevalent throughout the school. She experienced catcalls, groping, leering, unsolicited come-ons, and other such behavior the moment she set foot on campus.

Within weeks of starting at SPS, Ms. Doe was forced to perform oral sex on a male classmate. The classmate forced her to perform oral sex on him on numerous occasions in addition to forcibly digitally penetrating her, choking her, and otherwise engaging in in coercive and aggressive non-consensual sexual acts. Ms. Doe reported these assaults to an administrator at SPS and to her friends, who communicated this report to the SPS Dean of Students. Administrators at SPS failed to report the sexual assaults to the authorities or even to Ms. Doe's parents. SPS engaged in no investigation of the sexual assaults, despite obvious changes in Ms. Doe's academic performance and to her overall mood and level of functioning.

Defendant was fully cognizant of the tradition, as students wrote in St. Paul's publicly distributed newspaper that it was an "accepted and expected" part of campus life, students discussed it with faculty and in their publicly distributed yearbooks, and, in one instance, a student even investigated the practice for an independent study project titled: "The Real Student Handbook: The Little Red Book" — a project for which Michael G. Hirschfeld, the school rector, served as faculty advisor.

The effort to report these crimes and shed light on the dangerous and irresponsible culture of St. Paul's was met with indifference, hostility, and outright retaliation from the insular school community. Indeed, instead of investigating the allegations of assault and harassment, the school dismissed them out of hand. Even worse, the school painted Ms. Doe as a "trouble maker" and forced her out of the school in apparent retaliation for the fact that Ms. Doe was assaulted.

Plaintiff brings this case seeking relief for the severe and permanent harm that has resulted to her because of Defendant's inaction and fostering of a culture that accepted sexual assault and sexual harassment as normal parts of campus life. Jane Doe merely seeks to shield her identity from the public record to avoid being forever associated with the sexual assaults, sexual harassment, and SPS' appalling mishandling of those acts.

ARGUMENT

The Federal Rules of Civil Procedure state that "the title of the complaint must name all the parties" and "an action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 10(a) & 17(a)(1). Although the U.S. Supreme Court has never formally acknowledged the permissibility of using a pseudonym, it has heard cases with pseudonymous plaintiffs without criticism or comment of the practice, *see, e.g., Roe v. Wade*, 410 U.S. 113, 124 (1973); *Doe v. Bolton*, 410 U.S. 179, 187 (1973). This Court has even permitted parents to proceed under pseudonyms to protect child-victim's anonymity. *See, e.g., Dorren W. v. MWV Healthcare Assocs., Inc.*, 937 F. Supp. 2d 194, 195 (D.N.H. 2013); *B.K. v. Toumpas*, Civil No. 09-cv-94-JL, 2012 WL 1977118 at *1 (D.N.H.

3

June 1, 2012); *BK v. New Hampshire Dep't of Health & Human Servs.*, 814 F. Supp. 2d 59, 61 (D.N.H. 2011) — including in cases alleging sexual misconduct at a school, *see Doe v. Londonderry Sch. Dist.*, 970 F. Supp. 64, 66 (D.N.H. 1997). "[T]he decision whether to allow a plaintiff to proceed anonymously rests within the sound discretion of the court." *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n.2 (3rd Cir. 2008).

To proceed anonymously, plaintiff must satisfy her burden of demonstrating that she has "a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Macinnis v. Cigna Grp. Ins. Co. of Am.*, 379 F. Supp. 2d 89, 90 (D. Mass. 2005) (quoting *Doe v. Bell Atl. Bus. Sys.*, 162 F.R.D. 418, 420 (D. Mass. 1995)). The U.S. District Court for the Eastern District of New York has articulated six factors to be considered in making this determination:

(1) Whether the plaintiff is challenging governmental activity or an individual's actions;

(2) Whether the plaintiff's action requires disclosure of information of the utmost intimacy;

(3) Whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct;

(4) Whether identification would put the plaintiff at risk of suffering physical or mental injury;

(5) Whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and,

(6) The public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

*See EW v. New York Blood Ctr.*, 213 F.R.D. 108, 110 (2003) (internal citations removed). These factors overwhelmingly favor permitting Plaintiff to proceed by pseudonym in this case.

I.     **Plaintiff's Claims Require Disclosure of Information of Utmost Intimacy.**

This action is the result of sexual assaults on a minor. The facts of those assaults are highly sensitive and personal to J.D. and merit pseudonymous pleading. That J.D. will live in constant fear of widespread recognition is a key feature of the injuries she has suffered. Requiring the disclosure of J.D.'s identity would only serve to exacerbate these injuries.

The weight of legal precedent militates in favor of using a pseudonym to protect the identity of children who were subjected to sexual activity, *see Plaintiff B v. Francis*, F.3d 1310, 1317 (11th Cir. 2011) (describing plaintiffs "explicit sexual conduct while they were minors" as "sensitive and highly personal," meriting use of pseudonyms), and particularly in cases of sexual assault and abuse, *see Doe v. Oshrin*, 299 F.R.D. 100, 104-105 (D.N.J. 2014); *Doe v. St. John's Episcopal Day Sch., Inc.*, 997 F. Supp. 2d 1279, 1290 (M.D. Fla. 2014); *Doe v. Lee*, No. C 13-04029, 2014 WL 630936 at *2 (N.D. Cal. Feb. 18, 2014) ("because being taken advantage of in a sexual manner as a minor is of a highly sensitive and personal nature, cases involving such an issue have often been found to allow for the use of a fictitious name") (citing *John Doe 140 v. Archdiocese of Portland*, 249 F.R.D. 358, 361 (D. Or. 2008)).

These cases all indicate that child victims of sexual assault and other misconduct, if their identities are publicly exposed, face the possibility of harm well beyond mere

embarrassment. This is true for J.D., even though she is now above the age of majority. *See Doe v. City of Marion, Ind.*, No. 1:00-CV-468, 2002 WL 32072794 at *2 (N.D. Ind. Feb. 1, 2002) (even though plaintiff alleging sexual molestation as a child had obtained the age of majority, court ordered use of pseudonym); *see also R.P. v. Seattle Sch. Dist.*, No. C13-2218-MJP, 2014 WL 639408 (W.D. Wash. Feb. 18, 2014) (even in the case of a lawsuit brought by a then-adult, "clear public policy considerations" dictated that "[s]uing for alleged sexual violence experienced as a child" does not "strip Plaintiff of privacy protections courts regularly provide such victims"). Even though this case does not require the disclosure of any alleged intention by J.D. to engage in illegal activity, it does require the disclosure of information of the utmost intimacy — which weighs strongly in favor of allowing the Plaintiff to proceed under a pseudonym.

## II.     Identifying Plaintiff Puts Her at Risk of Suffering Further Injury.

This is a lawsuit against an elite boarding school — that costs nearly $60,000 a year to attend — with alumni in the upper echelons of business, politics, academia, and the arts. Its supporters in this dispute include not just the school community, students, parents, teachers, and graduates, but also others who generally believe that exclusive, affluent educational institutions should not be scrutinized for the sex-charged atmospheres on their campuses. Further, revealing J.D.'s identity in this matter would attach permanent humiliation and stigma to J.D. that would follow her for the remainder of her life, resulting in extreme anguish and emotional harm. Publishing J.D.'s name in this lawsuit would greatly increase the chance of further injury to her, both mentally and physically.

6

### III.   Plaintiff's Proceeding Anonymously Would Not Prejudice Defendant.

Defendant knows J.D.'s identity and will not, from a litigation standpoint, be adversely impacted by Plaintiff's use of a pseudonym; thus, there is no procedural unfairness amounting to potential infringement of their constitutional rights. *See, e.g.*, *Doe v. Smith*, 105 F. Supp. 2d 40, 45 (E.D.N.Y. 1999) (no prejudice when defendant's ability to litigate is not affected by anonymity of plaintiffs). In addition, Plaintiff has attached to this motion an affidavit that sets forth Jane Doe's full name and current address in Exhibit A to this Motion, which is being filed under seal. Moreover, St. Paul's "is not an ordinary private party, with interests relating solely to its personal life and business reputation," but rather a school "organized to perform an important, public service" — educating children in a fiduciary capacity. *See EW*, 213 F.R.D. at 112. The case is therefore more "analogous to one involving a government defendant, where personal anonymity is more readily granted because of the existence of a public interest in the action and a lesser interest in personal reputation." *Id.*

There has "already been substantial press" relating to St. Paul's culture and "scoring" traditions as well as its tolerance of the "Senior Salute" tradition. *See id.* Revealing the identity of J.D. would not mitigate any prior negative publicity nor prevent more negative publicity. Given these circumstances, "any additional prejudice to the defendant[s'] reputation or ability to operate merely by the pursuit of the action under a pseudonym appears minimal." *Id.*; *accord Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006). This motion is not sought "to impair defendant's ability to defend [itself], to delay the litigation or to increase the costs to defendant[s]." *Doe v. Provident*

*Life & Accident Ins. Co.*, 176 F.R.D. 464, 469 (E.D. Pa. 1997). Defendant will be permitted to use Plaintiff's name in discovery under a protective order that the Court can fashion to ensure Defendant is not prejudiced in any way in its ability to defend the case. Accordingly, there is no meaningful prejudice to Defendant that would result from J.D.'s use of a pseudonym.

### IV.   The Public Interest in Keeping Plaintiff's Identity Confidential is Strong.

While there is always some level of public interest in open access to legal proceedings, that "operates only as a presumption and not as an absolute, unreviewable license to deny." *James v. Jacobsen*, 6 F.3d 233, 238 (4th Cir. 1993). In this case, there is a stronger countervailing public interest in keeping J.D. anonymous. The public has a strong interest in preventing the stigmatization of minor victims of sexual assault or other sexual misconduct. *See Oshrin*, 299 F.R.D. at 104. The public also has a strong interest in removing deterrents to minor victims of sexual assault from vindicating their rights.

The public interest in learning J.D.'s identity is not atypically weighty in the present case; J.D. is a private citizen "seeking to litigate private and highly-sensitive issues," not public officials "from whom the public possesses a heightened interest." *Id.* Further, the "proceedings will remain public, thereby preserving any general public interest in the subject matter of this litigation." *Id.* As such, the public interest in favor of permitting anonymity overcomes any general public interest in open legal proceedings. *See, e.g., Provident Life & Accident Ins.*, 176 F.R.D. at 469.

CONCLUSION

This case falls squarely within the class of cases in which courts — including this one — have permitted parties to proceed anonymously. The highly sensitive nature of the allegations underlying this case, the fact that the victim was a minor, and the substantial risk of harm to J.D. should her identity be revealed all strongly favor permitting her to keep her identity confidential. Accordingly, Plaintiff respectfully requests that this Court grant this motion and thereby permit Jane Doe to use a pseudonym in this litigation.

Respectfully submitted,

Date:  May 11, 2018

/s/ Charles G. Douglas, III
Charles G. Douglas, III (NH Bar #669)
DOUGLAS, LEONARD & GARVEY, P.C.
14 South Street, Suite 5
Concord, NH 03301
Phone: (603) 224-1988
Fax: (603) 229-1988
chuck@nhlawoffice.com

and

/s/ Steven J. Kelly
Steven J. Kelly (MD Bar #27386)
(*pro hac vice* forthcoming)
/s/ Deborah K. Marcuse
Deborah K. Marcuse (NY Bar #4799649)
(*pro hac vice* forthcoming)
SANFORD HEISLER SHARP, LLP
400 East Pratt Street, 8th Floor
Baltimore, MD 21202
Phone: (410) 834-7420
Fax: (410) 834-7425
skelly@sanfordheisler.com
dmarcuse@sanfordheisler.com
*Attorneys for Plaintiff*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 11th day of May, 2018, a copy of the foregoing Motion to Proceed Anonymously, Memorandum in Support thereof, and Proposed Order will be served on Defendant along with the Complaint initiating this action.

/s/Charles G. Douglas, III
Charles G. Douglas, III