IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE

Jane Doe,

    Plaintiff,

v.                                        Case No.

St. Paul's School,

    Defendant.

**PLAINTIFF'S MOTION SEEKING A
PROTECTIVE ORDER SEALING PORTIONS OF THE COURT RECORD
AND MEMORANDUM IN SUPPORT THEREOF**

Plaintiff Jane Doe ("Plaintiff," "Ms. Doe," or "J.D."), by and through her undersigned counsel, hereby files pursuant to Local Rule 83.12 this Motion Seeking a Protective Order Sealing Portions of the Court Record and Memorandum in Support thereof.

## I. INTRODUCTION

Plaintiff specifically seeks to seal Exhibit A to her Motion for Leave to Proceed Under Pseudonym and Memorandum in support thereof. This exhibit contains information that could be used to identify the Plaintiff in this case, which involves sexual abuse and harassment perpetrated upon Plaintiff when she was a minor. Plaintiff has a significant interest in maintaining her privacy and in avoiding any public association between herself and the sexual assault, harassment, and other acts perpetrated against her when she was a minor. For the reasons discussed below, this

interest outweighs any countervailing public interest in revealing her identity. Exhibit A should therefore be sealed.

## II. ARGUMENT

### A. PLAINTIFF'S INTEREST IN MAINTAINING HER ANONYMITY OUTWEIGHS ANY PUBLIC RIGHT OF ACCESS TO PORTIONS OF THE COURT RECORD IN THIS CASE

The Supreme Court has recognized a common law right to inspect and copy judicial records and documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, this right of access to court records is not absolute. Trial courts have supervisory power over their own records and may, in their discretion, seal documents "if countervailing interests heavily outweigh the public interests in [open] access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). In this case, continued protection of the Plaintiff's identity presents a compelling countervailing interest meriting the sealing of any documents that threaten to increase the likelihood of her identity being revealed to the public. This specifically includes Exhibit A to Plaintiff's Motion for Leave to Proceed Under Pseudonym and Memorandum in Support thereof.

This Exhibit A is an affidavit which sets forth the identity of Plaintiff to ensure that her proceeding under a pseudonym poses no risk of unfairness to the opposing parties. Providing this information will enable the Court and opposing parties to understand the true identity of Plaintiff and the nature of her factual allegations. However, filing Exhibit A as a matter of public record would necessarily reveal J.D.,

which she strongly seeks to avoid to ensure her privacy in this highly sensitive and personal matter.

For the same reasons set forth in Plaintiff's Motion for Leave to Proceed Under Pseudonym and Memorandum in Support thereof—namely the sensitive and highly personal nature of the allegations involved in this case, the risk of retaliatory harm against Plaintiff, and the extremely young age of J.D.—Plaintiff respectfully requests that this Court issue a protective order sealing Exhibit A to her Motion for Leave to Proceed Under Pseudonym and Memorandum in Support thereof.

**B.    ALTERNATIVES TO SEALING WOULD NOT PROVIDE SUFFICIENT PROTECTION**

Prior to sealing any documents, the Court is required to consider less drastic alternatives to sealing, such as filing redacted versions of the documents. Indeed, when "evaluating whether to place documents under seal, a court must exercise its discretion 'in light of the relevant facts and circumstances of the particular case.'" *U.S. v. Isaacson*, No. 09-CV-332-LM, 2010 WL 3895683, at *2 (D.N.H. Sept. 28, 2010) (citation omitted). Under the circumstances of this case, sealing Exhibit A provides the narrowest possible relief to protect Plaintiff's identity while respecting the "strong common law presumption favoring public access to judicial proceedings and records." *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987). Simply redacting information that identifies Plaintiff would be inadequate to protect her identity. Even if her name was redacted, the relevant document would still contain a plethora of information about this case that would permit the identification of J.D.

Moreover, a protective order sealing only one exhibit to Plaintiff's Motion is a narrowly tailored solution that allows the public continued access to all portions of the Court record while protecting the identity of J.D., a person who has already suffered extreme hardship and who stands to suffer future humiliation in the event of further exposure.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court issue a protective order sealing, at Level I, Exhibit A to Plaintiff's Motion for Leave to Proceed Under Pseudonym and Memorandum in support thereof. Plaintiff specifically requests that this seal expire five (5) years after the date on which this litigation is concluded.

Respectfully submitted,

Date: May 11, 2018

/s/ Charles G. Douglas, III
Charles G. Douglas, III (NH Bar #669)
DOUGLAS, LEONARD & GARVEY, P.C.
14 South Street, Suite 5
Concord, NH 03301
Phone: (603) 224-1988
Fax: (603) 229-1988
chuck@nhlawoffice.com

and

/s/ Steven J. Kelly
Steven J. Kelly (MD Bar #27386)
(*pro hac vice* forthcoming)
/s/ Deborah K. Marcuse
Deborah K. Marcuse (NY Bar #4799649)
(*pro hac vice* forthcoming)
SANFORD HEISLER SHARP, LLP
400 East Pratt Street, 8th Floor
Baltimore, MD 21202
Phone: (410) 834-7420
Fax: (410) 834-7425
skelly@sanfordheisler.com
dmarcuse@sanfordheisler.com
*Attorneys for Plaintiff*